# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

                                        Plaintiff,    Case No. <u>5:22-CV-803</u>

-Vs-

                                                    **NOTICE OF INTERLOCUTORY APPEAL**

**DARO C. WEILBURG,**

> U.S. DISTRICT COURT - N.D. OF N.Y.
> **FILED**
> FEB 0 1 2023
> AT_____ O'CLOCK_____
> John M. Domurad, Clerk  Syracuse

                                        Defendant

***NOW COMES*** the Defendant, Daro C. Weilburg, ***in propria personam*** and hereby moves for an interlocutory appeal of the erroneous judgment from Magistrate Judge MIROSLA V LOVRIC, for the following reasons set forth in Memorandum of Points and Authorities:

**RESPECTFULLY SUBMITTED** this 28th day of January, 2023

By _____[signature]_____
    DARO C. WEILBURG, ***in pro per***

## MEMORANDUM OPF POINTS AND AUTHORITIES

With all due respect to Magistrate Judge MIROSLA V LOVRIC he is obviously prejudiced against Jehovah's Witnesses. First of all, the Defendant has been displaced from his apartment home because of the Stockbridge Town Court Judge Daniel Vineall, using a false criminal charge to evict the Defendant and his wife. As such the Defendant is displaced drifting between hotels and his car to survive. The Defendant did not receive the Order from the court dated December 20, 2022, until January 14, 2023.

Secondly, as a *pro se* defendant he is entitled to the Court's consideration and should not be browbeat by a magistrate because of his lack of knowledge regarding the rules. Everything complained of by Magistrate Judge MIROSLA V LOVRIC, can be corrected.

Third, the Defendant provided new evidence which is an email from the Law Firm of Bond, Schoeneck and King, which clearly shows he was not discharged from his duties as caretaker until April 7, 2022, almost a month after the alleged crime of trespass on March 12, 2022. The Defendant was the caretaker/property manager on March 12, 2022.

## LEGAL ARGUMENTS

Legal pleadings filed by pro se defendants should be shown consideration. Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, *it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction,* or *litigant's unfamiliarity with rule requirements*. **Boag v. MacDougall**, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); **McDowell v. Delaware State Police**, 88 F.3d 188, 189 (3rd Cir. 1996); **United States v. Day**, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); **Then v. I.N.S.**, 58 F.Supp.2d 422, 429 (D.N.J. 1999).

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use *common sense* to determine what relief the party desires. **S.E.C. v. Elliott**, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, **United States v. Miller**,

3

197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); **Poling v. K.Hovnanian Enterprises,** 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, **Vega v. Johnson,** 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. **U.S. v. Sanchez, 88 F.3d 1243** (D.C.Cir. 1996).

The Defendant is entitled to file an Interlocutory Appeal based on (**Hallock v. Bonner,** 387 F.3d 147 (2d Cir. 2004) see also (**Abney v. United States,** 431 U.S. 651 (1977) after a final decision. In this case the Magistrate wants to close the case prematurely for reasons outside the control of the Defendant.

The Defendant's case is based on religious persecution, thus the denial to pursue his religious convictions. The reliance of the Magistrate on the cases he cited is misplaced in his order dated December 20, 2022. The

4

Defendant's case at bar revolves around religious violations of his civil rights not race violations of civil rights.

The lower New York State Courts have continued this matter for over 10 months and there is no cause given. The State claims it is ready for trial and the Defendant is ready for trial and the court delays, delays, delays. The attorneys appointed are incompetent and ineffective. One attorney told the Defendant that an ex parte order is not necessarily the result of an ex parte hearing/meeting. They refuse to demand a fast and speedy trial and they refuse to Motion the lower Court to Dismiss.

This case could be the first step of persecution against Jehovah's Witnesses in the United States of America. A fulfillment of Bible prophecy rendered almost 2000 years ago.

> **(Matthew 10:17, 18)** [17] *Be on your guard against men, for they will hand you over to local courts and they will scourge you in their synagogues.* [18] *And you will be brought before governors and kings for my sake, for a witness to them and the nations.*
>
> **(Matthew 5:11)** [11] *"Happy are you when people reproach you and persecute you and lyingly say every sort of wicked thing against you for my sake.*

Russia is now persecuting Jehovah's Witnesses because they will not support Russian aggression. The Russians label the Jehovah's Witnesses as 'extremists'! The Stockbridge Town Court Judge Daniel Vineall and

5

Assistant District Attorney John S. Rodgers label the Defendant, who is a Jehovah's Witness, a criminal. Magistrate Judge MIROSLA V LOVRIC also labels the Defendant a criminal. When one is silent on such an issue one is complicit. Judge MIROSLA V LOVRIC is complicit to religious persecution of the Defendant Daro C. Weilburg who is a Jehovah's Witness and has NOT COMMITTED ANY CRIME.

**WHEREFORE**, the Defendant, Daro C. Weilburg, hereby moves for this Interlocutory Appeal and PRAYS for relief from a prejudicial rendering by a Magistrate Judge who appears to be religiously biased against the Jehovah's Witnesses. As a matter of LAW the Defendant is entitled to remove his criminal case to the U.S. District Court pursuant to 28 USC § 1443 for a proper decision based on law and not on the religious persuasion of the Defendant.

**RESPECTFULLY SUBMITTED** this 28th day of January

By _/s/ Daro C. Weilburg_
Daro C. Weilburg, *in pro per*

Daro C. Weilburg
5701 E. Circle Dr. #138
Cicero, NY 13039

SYRACUSE NY 130
30 JAN 2023  PM 1  L



U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

FEB 01 2023

RECEIVED

**CLERK, U.S. DISTRICT COURT**
**P.O. Box #7367**
**100 S. Clinton Street**
**Syracuse, NY 13261-7367**

13261-610099